J-S01001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYN A. FRY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN E. QUINLAN | : | No. 1325 MDA 2018 |
| ----------------------- | : | |
| JOHN E. QUINLAN | : | |
| v. | : | |
| | : | |
| | : | |
| LYN A. FRY | : | |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered July 25, 2018
In the Court of Common Pleas of Centre County
Civil Division at No(s):  17-1244
                                      17-1245

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI[*], J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 17, 2019**

Lyn A. Fry ("Appellant") appeals from an order of the Court of Common Pleas of Centre County, which entered a verdict in favor of John E. Quinlan ("Appellee") at two separate docket numbers.[1]  In accordance with our

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court, at Docket Number 2017-1244, entered a verdict in favor of Appellee in no amount.  In the same order, the trial court, at Docket Number 2017-1245, entered a verdict in favor of Appellee in the amount of $1,000 plus costs.  *See* Trial Court Order, 7/9/18.

Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we quash the appeal.

For purposes of this appeal, we need not provide an extensive factual history of the case. Further, the procedural history of the case is largely undisputed. This matter is a landlord-tenant dispute where Appellant filed a complaint in magisterial district court, and Appellee filed a counterclaim in the same court.

Appellee filed an appeal from the magisterial district court's judgment to the Court of Common Pleas of Centre County. Appellant filed the required complaint in the Court of Common Pleas, and both parties essentially renewed their respective claims.

The matter was scheduled for a hearing before a panel of arbitrators. At the scheduled time, Appellee appeared. However, neither Appellant nor her counsel appeared.

> By local rule, and pursuant to Rule of Civil Procedure 1303, the matter proceeded immediately to an *ex parte* bench trial before [the trial court]. [The trial court] presided at a brief hearing … and entered an Order granting judgment against [Appellant] and in favor of [Appellee].

Appellant's Brief, at 7-8 (citations omitted). Appellant filed her timely notice of appeal on August 8, 2018.

Thereafter, Appellant filed a petition to open the judgments. The court of common pleas entered an order noting that it no longer had jurisdiction to address the petition to open due to Appellant's appeal.

- 2 -

Before we can reach the merits of Appellant's appeal, we must address the fact that Appellant filed a singular notice of appeal, even though there are two docket numbers present in this case. Moreover, the two docket numbers consist of wholly separate claims and distinct issues. Furthermore, each docket number features the parties in an inverted position from the other docket number.[2]

The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure unequivocally indicates that: "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal **must be filed**." Pa.R.A.P. 341, Official Note (emphasis added).

Historically, we have not quashed facially defective appeals (i.e., a single appeal from multiple orders or docket numbers) when "the issues involved are nearly identical, no objection to the appeal ha[d] been raised, and the period for appeal ha[d] expired." ***K.H. v. J.R.***, 826 A.2d 863, 870 (Pa. 2003). However, more recently, our Supreme Court in ***Commonwealth v. Walker*** construed Pa.R.A.P. 341 as "a bright-line mandatory instruction to practitioners to file separate notices of appeal." 185 A.3d at 976-77. Accordingly, "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The

---

[2] The Appellant is the plaintiff at one docket number (2017-1244), but is the defendant at the other docket number (2017-1245).

- 3 -

failure to do so **requires** the appellate court to quash the appeal." **Id.** at 977 (emphasis added).

In its ruling, the Court in **Walker** mandated that this rule clarification was prospective only, identifying that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from [the Pennsylvania Supreme Court] and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." **Id.** Thus, concluded the Supreme Court, "in future cases Rule 341 will … require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.**

The **Walker** opinion was filed on June 1, 2018. Here, Appellant filed her singular notice of appeal, inclusive of two docket numbers, on August 8, 2018. Appellant's appeal unambiguously arises from an order that resolved multiple issues pertaining to more than one lower court docket. As such, because Appellant's notice of appeal was filed after **Walker**, in accordance with the dictates of Pa.R.A.P. 341, we must quash the appeal.

Even if we were to have jurisdiction over this appeal, we note that Appellant merely seeks a "remand with instruction to the trial court to examine [Appellant's] Petition to Open Judgment." **See** Appellant's Brief, at 25. That issue is not properly before us at this juncture. We would therefore affirm the judgments and relinquish jurisdiction in the absence of the **Walker** defect.

Appeal quashed.  Jurisdiction relinquished.

Judge Murray joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/17/2019